USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/27/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JOSEPH STEELE,                      :
          Petitioner,           :
                                  :   15 Crim. 836 (VM)
      -against-                   :   20 Civ. 1151 (VM)
                                  :   **DECISION AND ORDER**
UNITED STATES OF AMERICA,           :
          Respondent.           :
------------------------------------X

**VICTOR MARRERO, U.S.D.J.:**

    On October 28, 2016, petitioner Joseph Steele ("Steele") was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. Sections 922(g)(1) and (2). On February 5, 2020, he filed a motion to vacate his sentence pursuant to 28 U.S.C. Section 2255 ("Section 2255"). (See "First 2255 Motion," Dkt. No. 83.) After full briefing, the Court denied that motion on June 4, 2021. See Steele v. United States, Nos. 15 Crim. 836, 20 Civ. 1151, 2021 WL 2292604 (S.D.N.Y. June 4, 2021) ("Steele I"). On June 7, 2022, Steele filed a second pro se motion to vacate under Section 2255. (See "Second 2255 Motion," Dkt. No. 105.) Because Steele fails to meet the statutory requirements for a second or successive motion under Section 2255, his motion is DENIED.

### I.   BACKGROUND

    The Court detailed Steele's trial and conviction at length in Steele I, see 2021 WL 2292604, at *1-3, so it will provide only a brief summary. In February 2016, Steele was charged with one count of being a felon in possession of a

1

firearm, a violation of 18 U.S.C. Sections 922(g)(1) and (2). Steele had prior felonies that, if convicted, subjected him to a sentencing enhancement per the Armed Career Criminal Act ("ACCA"), 18 U.S.C. Section 924(e)(1). Steele was convicted in October 2016 following a four-day jury trial. He was subsequently sentenced to a term of 180 months' imprisonment, followed by five years of supervised release.

The Second Circuit affirmed his conviction and sentence on direct appeal, (see Dkt. No. 81), and on February 5, 2020, Steele filed the First 2255 Motion. Steele moved to have his sentence vacated due to alleged ineffective assistance of counsel. The Court denied the motion, finding that Steele was not denied effective assistance of counsel and, further, that any alleged ineffectiveness was not prejudicial. See Steele I, 2021 WL 2292604, at *4.

On June 1, 2022, the Court received a pro se letter from Steele stating that the Supreme Court's decision in United States v. Borden, 141 S. Ct. 1817 (2021) applies retroactive to his conviction and requesting an extension of time to file a challenge under Borden. (See Dkt. No. 103.) One June 2, 2022, the Court denied this request for an extension, noting that any new motion would be considered a second or successive motion governed by 28 U.S.C. Sections 2244 and 2255(h) and under these statutes, a second or successive motion must rely on "a new rule of *constitutional* law," not statutory law. 22

U.S.C. §§ 2255(h)(2) (emphasis added). (See "Order," Dkt. No. 104.) For that reason, the Court found that an extension of time would be futile.

On June 7, 2022, Steele filed the instant motion, the Second 2255 Motion.[1] Steele argues that his sentence should be vacated because, following Borden, one of his prior convictions no longer qualifies as a crime of violence and no longer carries an ACCA sentencing enhancement. (See Second 2255 Motion at 4.) He asks to be resentenced without the sentencing enhancement under ACCA. (See id. at 13.)

## II.  **LEGAL STANDARD**

Section 2255 states that "[a] second or successive motion [under this Section] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" either (1) newly discovered evidence that is sufficient to show, by clear and convincing evidence, that no reasonable factfinder would find the movant guilty of the offense at issue, or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

---

[1] The Court did not order a reply to the Second 2255 Motion. Per the Rules Governing Section 2255 Proceedings, a district court is permitted to "review and deny a Section 2255 motion prior to directing an answer '[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief.'" Carrasco v. United States, 190 F. Supp. 3d 351, 353 (S.D.N.Y. 2016) (quoting Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts).

Section 2244 lays out the procedure that a petitioner must follow in order to move for certification of their second or successive motion for relief under Section 2255. This process includes the petitioner filing in the appropriate Court of Appeals and a three-judge panel of the Court of Appeals deciding whether petitioner has made a "prima facie showing that the application satisfies" the statutory requirements. 28 U.S.C. § 2244(b)(3). This means that "[b]efore presenting a second or successive motion, the moving party *must obtain* an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2255, para. 8." Rule 9, Rules Governing Section 2255 Cases in the United States District Courts, U.S.C. Sec. 2255 Proc. R. 9 (emphasis added).

A motion under Section 2255 is "second or successive" if "a prior petition raising claims regarding the same conviction or sentence[] has been decided on the merits." Quezada v. Smith, 624 F.3d 514, 518 (2d Cir. 2010) (quotations omitted). A district court lacks jurisdiction to hear a successive Section 2255 motion "without authorization from the Second Circuit and is required to transfer such a motion to the Second Circuit if doing so is in the interest of justice." Acosta v. United States, 197 F. Supp. 3d 553, 556 (S.D.N.Y. 2016). A district court may, however, decline to transfer the second or successive motion if it is "wholly

4

without merit," meaning it is without question that the very narrow avenues for relief on a second or successive Section 2255 motion have not been met. Id. (quoting Avendano v. United States, No. 02 Civ. 1059, 2014 WL 7236036, at *2 (S.D.N.Y. Dec. 19, 2014)).

### III. DISCUSSION

Because this Court already decided the merits of a Section 2255 motion arising from the same conviction and sentence from which the instant Motion arises, see generally Steele I, 2021 WL 2292604, Steele's Second 2255 Motion is a second or successive motion under Section 2255. As such, this Court has jurisdiction to hear the motion only after it has been certified by a panel of the Second Circuit, in accordance with 28 U.S.C. Sections 2244 and 2255. Steele did not initially bring this motion before the Second Circuit and did not obtain the necessary certification, so this Court lacks authority to decide the Second 2255 Motion.

As noted, the Court may, in its discretion, transfer this motion to the Second Circuit for a certification decision. However, the Court can decline to do so if it is clear that the motion does not meet the stringent requirements for success on a second or successive Section 2255 motion. Under Section 2255(h), a second or successive motion must be dismissed unless it contains either (1) newly discovered evidence that is probative of innocence, or (2) a newly

5

announced rule of constitutional law that was made retroactive by the Supreme Court. See 28 U.S.C. § 2255(h).

Steele fails to meet either of these requirements, and the Court will decline to transfer his motion to the Second Circuit. The Second 2255 Motion is premised on the Supreme Court's decision in Borden, where a plurality of the Supreme Court held that a criminal offense with a requisite mens rea of "recklessness" does not qualify as a violent felony triggering ACCA's sentencing enhancement. See 141 S. Ct. at 1825. A majority of the Court held that the particular crime at issue, a reckless aggravated assault conviction under Tennessee law, did not qualify as a prior violent-felony conviction for ACCA purposes. See id. at 1834 (Thomas, J., concurring in the judgment).

Steele now claims that, under Borden, his prior conviction for "robbery in the first degree, under New York [Penal Law] § 160.15(4)" no longer counts as violent felony, so he should be resentenced without ACCA's enhancement. (See Second 2255 Motion at 5.) ACCA imposes a fifteen-year mandatory minimum "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another[.]" 18 U.S.C. § 924(e)(1). Thus, if Steele no longer has three past convictions for "violent felonies," the

6

sentencing enhancement would not apply.

However, even if Steele were correct that one of his prior felony convictions no longer qualified as a violent felony after Borden, the Second 2255 Motion still would not meet the requirements for a second or successive motion under Section 2255. Section 2255 does not allow second or successive motions following the announcement of new statutory rule, but allows such motions only where there is "a new rule of *constitutional* law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h)(2) (emphasis added). Borden dealt with a statutory, not a constitutional, question, so Steele's Second 2255 Motion fails to meet the applicable standard. For that reason, the Court declines to transfer the motion to the Second Circuit for certification as a second or successive Section 2255 motion. See Acosta, 197 F. Supp. 3d at 557.

## IV.  ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendant Joseph Steele to vacate his sentence pursuant to 28 U.S.C. Section 2255 (Dkt. No. 105) is DENIED. The Clerk of Court is respectfully directed to mail a copy of this Order to Joseph Steele, Reg. No. 73353-054, F.C.I. Hazelton, P.O. Box 5000, Bruceton Mills, WV 26525.

**SO ORDERED:**

Dated:   New York, New York
         June 27, 2022

                                                              _____
                                                              Victor Marrero
                                                              U.S.D.J.